IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

CHARLES S. MCNEAL,

                Plaintiff,                OPINION & ORDER

   v.

                                                 13-cv-419-wmc

LT. PAUL WEICHBROD,

                Defendant.
───────────────────────────────────────────────────────────────

      Plaintiff Charles McNeal alleges that Lieutenant Paul Weichbrod denied him access to the courts by failing to provide him with a computer or typewriter and case law printouts and denied him his right to counsel. McNeal is eligible to proceed *in forma pauperis* and has made an initial payment toward the full filing fee for this lawsuit. *See* 28 U.S.C. § 1915(b)(1). Because McNeal was incarcerated when he filed this suit, the court must also screen the complaint as required by the Prison Litigation Reform Act ("PLRA") to determine whether his proposed action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Because he has failed to state any claims for which relief can be granted, the court will dismiss McNeal's case.

ALLEGATIONS OF FACT

      In addressing a *pro se* litigant's pleadings, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For the purposes of this order, the court accepts the plaintiff's well-pled allegations as true and assumes the following facts.

On April 17, 2013, plaintiff Charles McNeal claims he was taken into the custody of the Green County Sheriff's Department pursuant to a "statutorily invalid and unconstitutional court order for arrest issued on January 10, 2012." That same day, McNeal allegedly submitted a Green County Jail general request form requesting use of the law library, a computer containing a legal research site, and a computer or typewriter to prepare a brief and a writ of habeas corpus. Alternatively, he asked to be transferred to a jail that could provide those materials.

On April 19, 2013, McNeal allegedly submitted a grievance complaining that he had not yet received a reply to his April 17 request. On April 20, defendant Paul Weichbrod, a lieutenant and jail administrator at the Green County Jail, responded that: (1) McNeal must use pen and ink; and (2) if he needed any case law or other documents, he should make a specific written request and they would be provided if appropriate.

On April 23, 2013, McNeal appealed Weichbrod's response. He argued that the statute books were outdated and that he was unable to provide an exact citation to the case law he needed, since he had not been permitted to do any research. He also complained again that the library did not have a computer, books for legal research or a typewriter or computer for typing briefs.[1] On April 25, Weichbrod replied that the statute books do not become invalid at the end of the year. He also encouraged McNeal to contact the public defender's office, providing him with the phone number. On April 26, McNeal did so, but was informed by the public defender that he could not acquire representation through them.

---

[1] McNeal cites Wis. Stat. §§ 809.19(8)(b) and 809.81(3), which provide the formatting requirements for appellate briefs in Wisconsin, to support his theory that briefs must be typed, rather than handwritten, but does not explain what this has to do with a filing in state circuit court, where any lawsuit would surely have had to begin.

On May 15, 2013, McNeal requested the affidavit, bond and order of arrest to which he contended he was entitled pursuant to Wis. Stat. § 818.07. He also advised that representation was unavailable through the public defender's office. On May 16, 2013, he filed a new grievance detailing the significance of the requested affidavit, and arguing that without it, he was being illegally detained. This time, Weichbrod responded that: (1) McNeal's concern had been discussed with "corporation counsel"; and (2) only an order of arrest was needed pursuant to Wis. Stat. §§ 818.05 and 767.001.

On May 17, 2013, McNeal again appealed via the grievance process, arguing that the response failed to address his claim and an affidavit was needed to support the order of arrest. Weichbrod replied that he need not and would not engage in legal debates with McNeal. He also stated that if McNeal would "like to pursue this further," he should contact Green County Corporation Counsel Brian Bucholtz, this time providing Bucholtz's address and sending Bucholtz a copy of the grievance.

On May 21 and 22, 2013, McNeal submitted two Green County Jail Request Forms, asking for a third time that he be given access to a computer or typewriter in order for him to comply with Wisconsin statutes requiring that his legal brief be "printed" or "typewritten." On May 22, Weichbrod again refused, and yet again, McNeal immediately responded by: (1) reviewing the "need, purpose, relevance, etc." for the materials he requested; (2) explaining that the inadequacy of the law library foreclosed his right of access to the courts; and (3) renewing his request for a computer or typewriter and for case law. In response, Weichbrod promptly denied this request as well, simply by putting "No" on McNeal's request form, giving McNeal the front page of each case he had requested, and writing, "I don't see how this applies to your current incarceration."

McNeal alleges that Weichbrod's acts and omissions "intentionally and with malice" deprived him of liberty from unlawful imprisonment and the acquisition of prospective, gainful employment. He asserts claims for denial of access to the courts and denial of the right to adequate legal assistance, for which he seeks compensatory and punitive damages.[2]

OPINION

I. Access to the Courts

In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. To state a claim for denial of access to the courts, however, McNeal must allege facts suggesting that the actions of prison officials have caused him an "actual injury" in the form of prejudice to an underlying cause of action. *Eichwedel v. Chandler*, 696 F.3d 660, 673 (7th Cir. 2012) ("[A]n inmate may prevail on a right-of-access claim only if the official actions at issue hindered his efforts to pursue a legal claim." (internal citation and quotation marks omitted)). Moreover, "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 350 (1996).

As a result, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."

---

[2] McNeal also initially sought injunctive relief order the provision of a law library with a computer for research and a computer or typewriter for preparing state appellate briefs, but has since updated the court with an address indicating that he has been released from incarceration. (*See* dkt. #10) His request for injunctive relief is, therefore, moot at this time, leaving only his requests for compensatory and punitive damages.

*Lewis*, 518 U.S. at 351. At a minimum, he must show that "the blockage prevented him from litigating a nonfrivolous case." *Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir. 1998). That is, a "prisoner's complaint [must] spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Pratt v. Tarr*, 464 F.3d 730, 732 (7th Cir. 2006) (quoting *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006)).

Under this standard, McNeal's allegations do not state a claim for denial of access to the courts. As an initial matter, McNeal alleges no connection between the materials he allegedly was denied and his ability to pursue a nonfrivolous challenge to his incarceration. On the contrary, McNeal focuses on abstract inadequacies in the materials provided, challenges the provision of a pen and ink (as opposed to a computer or typewriter), and complains that the law library has statute books that were "out of date." These general allegations fall far short of that necessary to state a claim for denial of access to the courts.

For example, although McNeal challenges Weichbrod's decision to provide him with statute books instead of access to a legal research website, McNeal apparently had actual access to the statutes needed to support his theory of unlawful incarceration, since he cited them in his various grievance filings. Likewise, although McNeal challenges the decision to provide him with pen and ink instead of a computer or typewriter, the Supreme Court has held that providing "alternative means" to ensure meaningful access to the courts does not violate the Constitution. *Lewis*, 518 U.S. at 351 (quoting *Bounds*, 430 U.S. at 830); *see also Magi v. Thompson*, No. 00-C-479-C, 2000 WL 34230096, at *8 (W.D. Wis. Aug. 9, 2000) ("[A]ccess to the courts does not include a federally protected right to use a typewriter. . . . Inmates are not prejudiced by the filing of handwritten documents.") (citations omitted).

5

Finally, McNeal alleges he was denied case law necessary to pursue his challenge of his confinement, but fails to allege which of those cases were needed "in order to attack [his] sentence[], directly or collaterally, and in order to challenge the conditions of [his] confinement."³ *Id.* at 355.

Even more important, *if* McNeal had a right to type his filings and use a legal research website, it appears that McNeal ultimately *did* file a petition for a writ of habeas corpus in Green County, undermining all of his other allegations that he was prevented from litigating his case. *See McNeal v. Skatrud*, Green County Case No. 2013CV000086, May 14, 2013. Further undermining McNeal's conclusory allegations that he was transferred to the Green County Jail "pursuant to a statutorily invalid and unconstitutional court order for arrest," the remainder of his complaint demonstrates that this is not so. Indeed, the exhibits to McNeal's complaint purport to develop his theory of unconstitutional and illegal arrest, but essentially boil down to the lack of an "affidavit" or "bond" attached to his order of arrest. *See* Wis. Stat. § 818.07. Contrary to McNeal's contention, however, Wis. Stat. § 815.05 creates a requirement in Wisconsin civil cases that a bond and affidavit be delivered to the defendant along with the order for arrest, but "does not apply to an order for arrest in . . . any action under ch. 767 brought by the state or its designee." Since an action to enforce an order for child support falls under chapter 767 of the Wisconsin statutes, Wis. Stat. § 767.001(1)(f), (i), no such bond or affidavit was required, and McNeal's relentless, yet wholly superficial, attack on his incarceration was frivolous.

---

³ Indeed, McNeal has provided this court with the first page of the cases in question and Weichbrod appears to have had it right, since none seem to pertain to Wis. Stat. § 818.07 nor to incarceration for failure to pay child support. (*See* dkt. #1-3, 18-20.)

This leaves only McNeal's apparent attack on his sentence pursuant to the Fourth Amendment, based on the same lack of affidavit attached to the order for his arrest.  Here, too, the Fourth Amendment simply does not require that a person who is incarcerated be given an affidavit reciting the probable cause for his arrest, which makes his access to courts claim frivolous as well.[4]  Since McNeal neither argues that probable cause was *lacking* in his arrest, nor that his arrest was unreasonable, he can point to no nonfrivolous challenges on his sentence for failure to pay child support.  The court will dismiss his claim accordingly.

**II. Legal Counsel**

McNeal also alleges that he was denied his right to "adequate legal assistance from a person trained in law" by Weichbrod's referral of his case to corporation counsel.  As noted above, McNeal's sentence in the Green County Jail was based on a failure to pay child support.  (*See* dkt. #1-3, at 23.)  While McNeal does not indicate whether he was jailed for civil or criminal contempt, the order he attaches from the Green County Circuit Court refers to a "Remedial Contempt Order and Order for Commitment." (*Id*. at 24.)  Remedial contempt is also known as civil contempt and is imposed to ensure compliance with court orders.  *In re Paternity of Cy C.J.*, 196 Wis. 2d 964, 968, 539 N.W.2d 703 (Ct. App. 1995).  "[T]he Due Process Clause does not *automatically* require the provision of counsel at civil contempt proceedings to an indigent individual who is subject to a child support order, even if that individual faces incarceration (for up to a year)."  *Turner v. Rogers*, 131 S. Ct. 2507,

---

[4] McNeal would mix the requirements of Wis. Stat. §§ 818.05 and 818.07 with the requirements of the Fourth Amendment.  Under Section 818.05, a plaintiff who executes a bond without sureties must affix an affidavit "that the plaintiff is a resident and householder or freeholder within the state and worth double the sum specified in the bond above all of the plaintiff's debts and liabilities in property in this state not exempt from execution."  In contrast, the Fourth Amendment provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation."

7

2520 (2011) (emphasis in original). In any event, McNeal alleges no facts suggesting that he was entitled to legal counsel *in this case*. Therefore, his claims for this alleged violation of his Due Process rights must be dismissed as well.

**III. Equal Protection**

McNeal makes a single reference in his complaint to being denied "equal protection of the laws" under the Fourteenth Amendment. He does not provide any facts in support of this conclusory allegation, and so the court will dismiss any Equal Protection claims McNeal may have intended to bring.

ORDER

IT IS ORDERED that plaintiff Charles S. McNeal's claims are DISMISSED for failure to state a claim. The dismissal will count as a STRIKE for purposes of 28 U.S.C. § 1915(g) (barring a prisoner with three or more "strikes" or dismissals for a filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals in forma pauperis unless he is in imminent danger of serious physical injury).

Entered this 14th day of November, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge